Hiriam T. WHITTLE, et al., Plaintiffs,

v.

Emil P. MOSCHELLA, et al., Defendants.

Civ. A. No. 90–550 (CRR).

United States District Court, District of Columbia.

Jan. 31, 1991.

---

591

Clarence F. Stanback, Jr., Arlington, Va., for plaintiff.

Hiriam T. Whittle, Baltimore, Md., pro se.

Jay B. Stephens, U.S. Atty. for the District of Columbia, John D. Bates and Thomas S. Rees, Asst. U.S. Attys., Washington, D.C., for defendants.

OPINION

CHARLES R. RICHEY, District Judge.

The *pro se* plaintiff[1] filed the above-captioned suit based on his claims that the defendants Federal Bureau of Investigation ("FBI"), FBI employee Emil P. Moschella, FBI Director William Sessions, Attorney General Richard L. Thornburgh and the United States Department of Justice ("DOJ") have failed to comply with his requests for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. The plaintiff also asks the Court to order defendants Sessions, Thornburgh, FBI, and DOJ to conduct an investigation into the 1942 death of the plaintiff's brother, arguing that the Court has jurisdiction to do so pursuant to the Mandamus and Venue Act, 28 U.S.C. § 1361.

1. Apparently, because the plaintiff is suing on his own behalf, on behalf of his brother's estate, and as a friend of the Court, he indicated in the caption of his complaint that there is more than one plaintiff involved in this case. Nevertheless, because only one person is suing in this case, the Court will refer to the plaintiff in the singular, not the plural.

The defendants have filed a motion for summary judgment, on the grounds that they have released to the plaintiff all records that are responsive to plaintiff's request and that all redactions made in records provided to the plaintiff protect information that is exempt from disclosure under FOIA. Defendants also argue that the Court lacks subject matter jurisdiction over individually named federal officials. In addition, the agency defendants filed a motion to dismiss, or in the alternative, for summary judgment as to plaintiff's Privacy Act claims on the grounds that no information has been wrongfully withheld and that the Court lacks subject matter jurisdiction. Neither of the defendants' motions address plaintiff's 28 U.S.C. § 1361 claim.

Upon consideration of the motions and oppositions, the supporting declarations, the entire record in this case, and the underlying law, the Court holds that there are no genuine issues of material fact, and that summary judgment for the FBI and the DOJ is appropriate as a matter of law. Moreover, the Court finds that as to defendants Sessions, Thornburgh, and Moschella this case must be dismissed for lack of subject matter jurisdiction. Finally, the Court holds that the plaintiff has not demonstrated his entitlement, or even any probability that he might be entitled, to a writ of mandamus, and that the plaintiff's request for such an extraordinary remedy should be dismissed.

## I. Background

By letter dated May 2, 1987 to Attorney General Edwin Meese, the plaintiff, through a private investigator, requested information pertaining to the July 7, 1942 death of the plaintiff's older brother, Edgar

A. Whittle. The request was referred to FBI Headquarters ("FBIHQ") in Washington, D.C. Upon searching the FBIHQ record system,[2] the FBI found 18 pages of records responsive to the plaintiff's request. At first, the FBI determined that all 18 pages were exempt from FOIA disclosure under several exemptions. The plaintiff appealed this determination, and the FBI released some of the records. After the plaintiff filed this lawsuit, the FBI provided the plaintiff with all 18 pages of documents that it had determined were responsive to the plaintiff's request. However, the FBI made numerous deletions in four pages of these records, relying upon FOIA Exemptions 7(C) and 7(D). None of the documents identified by the FBI related directly to the death of Edgar Whittle, but they were prepared while the FBI was investigating the plaintiff's allegations of FBI involvement in Mr. Whittle's death, allegations apparently made in connection with the plaintiff's 1957 lawsuit against Edgar Whittle's former employer. The plaintiff has alleged some minor misstatements of fact in the records that were provided to him.

## II. Analysis

### A. FOIA

The plaintiff seems to state two types of claims under FOIA. First, there is the alleged failure of the FBI to fully disclose records requested,[3] which the Court interprets as a challenge to the propriety of the redactions made in the documents provided by the FBI. The plaintiff also claims that the FBI is withholding additional records, which can be divided into two groups: those to which references were made in the records that were released[4] and those

---

**2.** The FBI apparently only searched FBIHQ records, and did not search any field office records, including those of the Baltimore field office. The plaintiff did not specifically request a search of FBI field office files, and does not challenge in this suit the FBI's failure to conduct such a search. This lawsuit only involves, then, agency records at FBIHQ.

**3.** In his complaint, the plaintiff does not distinguish between the activities of the FBI and the DOJ. Because the FBI is a component of the DOJ, the Court will presume that the inclusion

of both the FBI and the DOJ as defendants in this case merely represents a redundancy and that the plaintiff is not alleging separate causes of action against them. As only the FBI handled the plaintiff's request after the initial referral, for purposes of this opinion, defendant FBI/DOJ will be referred to as the FBI.

**4.** These records are described by the plaintiff as a 1957 letter from the plaintiff to the FBI and three Department of Justice memoranda, dated September 17, 1958, September 24, 1958, and October 27, 1958 respectively.

records that were not referred to in the records released and that the FBI did not find when conducting the requested search.[5]

■■■ A plaintiff's ability to prevail in a FOIA complaint depends on a "showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). However, an agency is only charged with releasing those records, or portions of records, which are responsive to a request. *Meeropol v. Meese*, 790 F.2d 942, 954 (D.C.Cir.1986). When the agency claims not to have located responsive records, the focus of the Court's inquiry is not whether there might be any undisclosed records, but whether the search conducted by the agency was reasonable. *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984). The agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C.Cir.1990). To be entitled to summary judgment, the agency must describe the search in such detail as to allow the Court to determine whether the search was adequate. *Id.*

■■■ The FBI followed, and exhaustively described in an exhibit to its summary judgment motion, its standard FOIA search procedure in searching for records responsive to the plaintiff's request. *See* Declaration of Regina M. Superneau ¶¶ 5–8. The FBI search did find records responsive to the plaintiff's request, and there is no indication that a search of any other record system would have been more effective. *See Weisberg*, 745 F.2d at 1487. The plaintiff presents no evidence, other than vague unspecified accusations of conspiracy and malfeasance, that this procedure either was not followed or was not reasonable. An agency search is not unreasonable merely

because it fails to turn up records the plaintiff speculates might exist. *Oglesby*, 920 F.2d at 67 n. 13. In view of the foregoing, the Court concludes that the FBI search was conducted in a reasonable manner, and that, therefore, the FBI has not improperly withheld agency records that it did not find in the search undertaken.

The FBI did release all the records found to be responsive to the plaintiff's requests, but redacted portions of some of the records pursuant to FOIA Exemptions 7(C) and 7(D). The plaintiff's second claim appears to be that these redactions were improper.

■■■ When evaluating a claim under FOIA Exemption 7, the Court must undertake a two-step process, determining first whether the record was compiled for law enforcement purposes, *FBI v. Abramson*, 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982), and then examining whether a specific claimed subsection of the exemption applies. This "law enforcement purposes" threshold issue is further divided into a two-part test designed to determine whether the agency could properly prepare law enforcement records. An agency may only invoke Exemption 7 if: (1) the records were created as part of an investigation related to the enforcement of federal laws and (2) that investigation was within the agency's law enforcement authority. *Pratt v. Webster*, 673 F.2d 408, 420–21 (D.C.Cir.1982). The investigation need not result in an arrest or indictment, and the FBI's authority to conduct an investigation can rest on a plausible basis to believe that the law has been violated. *King v. United States Dep't of Justice*, 830 F.2d 210, 230–31 (D.C.Cir.1987).

■■■ The agency satisfies the first element of this threshold inquiry by identifying a particular individual whom it was investigating and the connection between that individual and an alleged violation of federal law. *Pratt*, 673 F.2d at 420. The portions of records that the FBI refused to

---

**5.** These records are apparently those which refer to the plaintiff's 1958 lawsuit against Edgar Whittle's former employer, a 1962 Selective Ser-

vice case which somehow involved the plaintiff, and any records relating to the death of Edgar Whittle.

disclose to plaintiff were created as part of the investigation arising out of the plaintiff's allegations that federal laws had been broken and clearly satisfy this first element of the threshold inquiry. Indeed, the plaintiff concedes that these records were created as part of a criminal prosecution. *See* Plaintiff's Statement of Material Facts at 5.

■ The second element of the "law enforcement purposes" test requires a showing that the agency is authorized to investigate the alleged violations of federal laws. The FBI identifies several sources for its authority to investigate the plaintiff's allegations, *see* Defendants' Statement of Material Facts, Declaration of Regina M. Superneau ¶ 21, and the plaintiff does not challenge them.[6]

Having established as a general proposition that the withheld records were created for a law enforcement purpose, the FBI must ordinarily show that in each case the particular subsection of Exemption 7 wasa properly claimed. The Court has carefully studied the complaint, and all the other filings by the plaintiff, and is unable to discern any specific challenge to the applicability of Exemptions 7(C) and 7(D) to the redactions made in the records provided. However, because the Court is mindful of the plaintiff's *pro se* status, the Court will examine the applicability of these exemptions.

■ Under Exemption 7(D), an agency is not required to disclose law enforcement records which could reasonably be expected to reveal the identities of, or information given by, confidential sources. § 552(b)(7)(D). Under the first part of Exemption 7(D), not only the identity of the source, but also any information in the record that would tend to reveal the identity of the source, is protected. *Birch v. United States Postal Serv.*, 803 F.2d 1206,

1212 (D.C.Cir.1986). The second part of Exemption 7(D) provides that when, as here, the record was "compiled by criminal law enforcement authority in the course of a criminal investigation," all information provided by the confidential source is protected. § 552(b)(7)(D). This exemption is different from other FOIA exemptions in that its availability turns not on the contents of the records, but on their having been provided by a confidential source. *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 492 (D.C.Cir.1980). A source is considered confidential if he or she provided information with an express or implied assurance of confidentiality. *Keys v. United States Dep't of Justice*, 830 F.2d 337, 345 (D.C.Cir.1987). When the FBI solicits information for use in a criminal investigation, a rebuttable presumption exists that an assurance of confidentiality was given. *Schmerler v. FBI*, 900 F.2d 333, 337 (D.C.Cir.1990). This puts

> the burden [on the plaintiff] to come forward with evidence that would rebut the presumption that the FBI extended promises of confidentiality when it collected the information [sought]. This burden may be met with evidence demonstrating that it would be unreasonable to infer from the circumstances surrounding the interviews that confidentiality had been extended.

*Id.*

In this case, the plaintiff has presented no evidence whatsoever to rebut the presumption that the sources identified in the released records were confidential or that Exemption 7(D) was improperly invoked to withhold records. Therefore, the Court concludes that since the sources were confidential and the records were compiled in the course of a criminal investigation, the sources' names and any information they

---

**6.** The plaintiff does not contest the FBI's authority to conduct such investigations, merely the authority to investigate *him*. In short, the plaintiff contends that since he is innocent of wrongdoing, an investigation of him could not have been authorized. However, whether or not the plaintiff actually violated any law is irrelevant to the FBI's authority to investigate the allega-

tions he made, and to follow the investigation where it led. The FBI commenced the investigation at the request of the plaintiff, and the plaintiff is renewing in this lawsuit his request that a criminal investigation be conducted. Under these circumstances, the plaintiff cannot be heard to complain that the investigation of his allegations was not authorized.

provided to the FBI are exempt from disclosure under Exemption 7(D).

 Exemption 7(C) insulates from release records whose disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. § 552(b)(7)(C). As the use of the term "unwarranted" implies, Exemption 7(C) requires the Court to balance the public interest in disclosure against the privacy interests involved. *Senate of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 587 (D.C.Cir.1987). The plaintiff bears the burden of showing the substantial and compelling nature of the public interest to be served by disclosure. *Id.* at 588. In this case, the plaintiff has failed to articulate, and the Court does not perceive, any public interest that would be served by disclosure of the names of confidential informants, the information they provided, or the names of FBI agents who investigated the matter.

Although the FBI did not describe the redactions individually in its declaration, most of the redactions are very limited, each has a margin notation showing which FOIA exemption was claimed, and usually the general contents can be easily inferred from the context of the surrounding text.[7] The context of these deletions fully supports the claimed exemptions. For two large redactions, the contents are not readily apparent, but since the information there redacted was provided by confidential sources, it is entirely protected from disclosure.

In short, the Court has found Exemption 7 applicable to these records, and the plaintiff has failed to prove that by making redactions in released documents, the FBI is improperly withholding agency records. Therefore, the FBI and the DOJ are entitled to summary judgment on the plaintiff's FOIA claims.

**B. PRIVACY ACT**

 The Privacy Act allows any individual to "gain access to his record or to any information pertaining to him which is contained in [a] system of [agency records]," and "to request amendment of a record pertaining to him." § 552a(d)(1) & (2). The plaintiff states two types of claims under the Privacy Act.[8] The first is that the FBI has not disclosed to him records to which he is entitled. As noted above, the FBI has provided the plaintiff with all records that are responsive to his request, although it made some redactions. The plaintiff can only prevail on this Privacy Act claim if the redactions made pursuant to FOIA Exemption 7 resulted in the withholding of information to which the plaintiff is entitled under the Privacy Act. Although Privacy Act Exemption j(2) is somewhat analogous to FOIA Exemption 7, the Court must apply a separate analysis to the Privacy Act exemption. *Martin v. Office of Special Counsel, Merit Sys. Protection Bd.*, 819 F.2d 1181, 1184 (D.C.Cir.1987); *see Greentree v. United States Customs Serv.*, 674 F.2d 74, 78 (D.C.Cir.1982).

Exemption j(2) allows an agency to exempt from Privacy Act access "any system of records within the agency," § 552a(j), so long as the system is maintained by a law enforcement agency and the records in the system were compiled for the purpose of a criminal investigation. § 552a(j)(2). The system in which the records provided to the plaintiff are located, the FBI's Central Records System ("CRS"), meets these criteria. *See* 28 C.F.R. § 16.96(a) & (b)(2)(i); *see also Vymetalik v. FBI*, 785 F.2d 1090, 1094–95 (D.C.Cir.1986). However, particular CRS records are only exempt to the extent that their contents are protected by an explicit exemption. *Id.* at 1095.

 As noted above in the discussion of FOIA Exemption 7, in this case, the redactions were made to protect the identities of FBI agents, and both the identities of, and

---

7. The Court has not reviewed the records involved in this case *in camera,* but it has examined the documents as redacted, copies of which the plaintiff submitted with his pleadings.

8. Although the plaintiff did not refer to the Privacy Act in any of his requests for records, his administrative appeal specifically disputed the FBI's claim that the Privacy Act exempted certain responsive records from disclosure.

the information supplied by, confidential informants. This information was compiled in furtherance of a criminal investigation and is therefore within Exemption j(2). Therefore, the Court holds that the FBI has not failed to comply with the plaintiff's Privacy Act request by redacting certain portions of the documents released.

■ Plaintiff's second Privacy Act claim is that the FBI has wrongfully refused to amend its files. The FBI argues, and the plaintiff's letters show, that the plaintiff has not made any request prior to this lawsuit that any records be amended. That such a request is a necessary prerequisite to the Court's jurisdiction is explicit in the Privacy Act. A court has jurisdiction when "any agency makes a determination under subsection d(3) of this section not to amend an individual's record in accordance with his request." § 552a(g)(1)(A). In this case, the agency did not make a subsection d(3) determination because the plaintiff never made such a request at the administrative level. The plaintiff has not initiated, much less exhausted, his administrative remedies. *See Oglesby*, 920 F.2d at 65. Therefore, the Court lacks subject matter jurisdiction over the plaintiff's claim that the FBI is refusing to amend his record.[9]

## C. DEFENDANTS THORNBURGH, SESSIONS, AND MOSCHELLA

■ In addition to charging the federal agencies with improperly withholding documents, the plaintiff has named three federal officials as defendants. In their summary judgment motion, the defendants correctly point out that the Court lacks subject matter jurisdiction over these individuals. The jurisdiction of this Court to enforce FOIA is limited to enjoining agency noncompliance, § 552(a)(4)(B), and consequently no FOIA claim may be asserted against individual federal officials. *See, e.g., Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987); *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp.

240, 241 (D.D.C.1990); *Canadian Javelin v. S.E.C.*, 501 F.Supp. 898, 904 (D.D.C. 1980). Similarly, the Privacy Act grants jurisdiction over suits against agencies. § 552a(g)(1). Individuals may be criminally sanctioned under the Privacy Act for unauthorized disclosure, § 552a(i), which is not alleged in this case, but there is no provision authorizing a civil suit against a federal official to compel disclosure. The only proper defendants in a FOIA or Privacy Act action for withholding records are the agencies that allegedly improperly withheld the records. Because these agencies have been included in this case as defendants, the Court will dismiss all claims against the defendants Thornburgh, Sessions, and Moschella.

## D. MANDAMUS AND VENUE ACT

In addition to his FOIA/Privacy Act claims, the plaintiff has asked for an order of the Court to compel the DOJ and the FBI to conduct a new investigation into the July 7, 1942 death of his older brother. The plaintiff cites the Mandamus and Venue Act ("Mandamus Act"), 28 U.S.C. § 1361, as jurisdictional authority for this order. Although the defendants did not address this claim in their motions, the Court will consider it *sua sponte*.

■ The Mandamus Act gives the federal district courts jurisdiction to order a federal official or agency to perform a duty it owes to a plaintiff. 28 U.S.C. § 1361. To be entitled to the extraordinary remedy of a writ of mandamus, *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980), a plaintiff must have a clear right to relief, and there must be no adequate alternative remedy. *Council of the Blind v. Regan*, 709 F.2d 1521, 1533 (D.C.Cir.1983) (en banc). Furthermore, the act sought to be ordered must be of a ministerial, rather than a discretionary, character; in other words, the agency or official must be under a clear duty to act. *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414,

---

**9.** Because of the Court's holding on each Privacy Act issue, it is not necessary to reach the question of whether the plaintiff in his status as

administrator of his brother's estate has succeeded to his brother's rights under the Privacy Act.

423, 102 L.Ed.2d 408 (1988); *see Esquire, Inc. v. Ringer,* 591 F.2d 796, 806 n. 28 (D.C.Cir.1978). Therefore, to state a claim for a Mandamus Act order in this case, the plaintiff must show that the DOJ or the FBI owe *him* a duty to reinvestigate his brother's death.

 The plaintiff has not provided the Court with, and the Court is not aware of, any basis whatsoever to conclude that the DOJ, the FBI, or any other official or agency of the United States owes the plaintiff a nondiscretionary duty to investigate his brother's 1942 death almost half a century later. Therefore, the Court concludes that the plaintiff has failed to state a claim for which a Mandamus Act order may be granted, and that this claim must be dismissed.[10] *See Baker v. Director, United States Parole Comm'n,* 916 F.2d 725, 727 (D.C.Cir.1990) (where it is patently obvious that a plaintiff cannot prevail on the facts alleged in his complaint, *sua sponte* dismissal for failure to state a claim is appropriate).

### III. Conclusion

For the foregoing reasons, the Court holds that defendants FBI and DOJ are entitled to summary judgment as a matter of law on the plaintiff's FOIA and Privacy Act withholding-of-records claims, because neither of these agencies has failed to comply with the requirements of those acts. Moreover, the Court concludes that it lacks subject matter jurisdiction to adjudicate the plaintiff's FOIA and Privacy Act claims against any of the individually named defendants, as well as his Privacy Act failure-to-amend-records claim against all of the defendants, and must therefore dismiss those claims. Finally, because the plaintiff has not stated a claim for which the extraordinary remedy of mandamus may be granted, his request for an order compelling the DOJ, the FBI, and the heads of

those agencies to conduct an investigation into his brother's death must be dismissed.

---

10. Because the Court holds that the plaintiff has not established either a clear duty on the part of the defendants, or a clear right on the part of the plaintiff, it is not necessary to decide wheth-

er any investigations that have been, or could now be, conducted by state or local agencies would be adequate alternatives to the relief here sought.