Gregory Michael STONE, Plaintiff,

v.

**DEFENSE INVESTIGATIVE SERVICE,**
et al., Defendants.

Civ. A. No. 91–2013 SSH.

United States District Court,
District of Columbia.

March 26, 1993.

Gregory Michael Stone, pro se.

David L. Dougherty, Office of Information and Privacy, U.S. Dept. of Justice, Washington, DC, for defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion for summary judgment, plaintiff's second motion to compel discovery, and the oppositions and replies thereto. Upon consideration of the entire record, the Court finds that it lacks subject matter jurisdiction over the individual defendants and that the agency defendants are entitled to summary judgment as a matter of law. Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," the Court nonetheless sets forth its analysis. See Fed.R.Civ.P. 52(a).

### Background

On June 8, 1990, plaintiff, a *pro se* litigant, requested access to records maintained by defendant Defense Investigative Service ("DIS") pursuant to the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Plaintiff requested ". . . a copy of any and all records the Defense Investigative Service may have on me." Plaintiff's Statement of Genuine Issues at ¶ A(1). In response to a letter from defendant DIS explaining that a confirmation of identity was necessary for release of the requested records, plaintiff filed an executed DIS form 30 on July 23, 1990. Plaintiff sought from defendant DIS "all records and files including, but not limited to: investigative reports; investigative notes; reports of field interviews; complete information contained in background investigative file; complete information contained in special background investigative file; and all

correspondence related to the requester including both inter/intra agency." Defendants' Ex. 1.

By letter dated July 26, 1990, defendant DIS advised plaintiff that he was the subject of an ongoing personnel security investigation and that his requested records would not be released until the completion of this investigation. Plaintiff filed a complaint on August 13, 1991, and an amended complaint on August 21, 1991, against defendants DIS, John Donnelly, Dale Hartig, S.J. Demarco, and Donald Reuter seeking declaratory and injunctive relief. On September 19, 1991, and November 5, 1991, defendant DIS released in full to plaintiff a copy of his personnel security investigative file, industrial personnel security clearance file, and a Privacy Act accounting of disclosures. Defendant DIS referred additional records to six other federal agencies—the Bureau of Alcohol, Tobacco and Firearms (the "BATF"), the Central Intelligence Agency (the "CIA"), The Federal Bureau of Investigation (the "FBI"), the Immigration and Naturalization Service (the "INS"), the Office of Personnel Management (the "OPM"), and the Air Force Office of Special Investigations (the "OSI")—for review and direct response to plaintiff.[1] On October 18, 1991, this Court granted plaintiff's unopposed motion to join the OSI, the BATF, the OPM, and Anonymous Federal Agencies Numbers 1 and 2 as defendants to this action. On November 26, 1991, this Court, on the unopposed motion of plaintiff, joined the FBI as a defendant and dismissed Anonymous Federal Agencies Numbers 1 and 2.

■ Eight pages of records referred to the BATF were returned to the DIS and then released to plaintiff by the DIS on

---

1. Plaintiff contends that a genuine issue of material fact exists concerning these referrals. Plaintiff argues that because defendant DIS neither itemized nor identified the documents referred to these agencies, plaintiff has no way of discerning whether the documents referred were the same as those processed by DIS and the same as those released by the agencies to him. See Plaintiff's Statement of Genuine Issues at ¶¶ A(4)–(11). Defendants' exhibits and documentary evidence clearly establish that the documents retrieved by DIS in response to plaintiff's FOIA request were referred to the various agencies and, eventually, released to plaintiff. Moreover, plaintiff has not provided any evidence to support his suspicion that defendant DIS did not refer all materials retrieved or that the agencies did not release all of the referred documents. Therefore, the Court finds that no genuine issue of material fact exists with regard to this issue.

December 23, 1991, and February 5, 1992.[2] The name of an FBI agent was withheld pursuant to the FOIA exemption 7(C), 5 U.S.C. § 552(b)(7)(C). On October 8, 1991, the OPM provided plaintiff with the referred records without deletion. The OSI furnished plaintiff with the referred records on January 16, 1992, January 23, 1992, and March 26, 1992, withholding certain information pursuant to the FOIA exemptions 2 and 7(C), 5 U.S.C. § 552(b)(2) and (7)(C). The FBI provided plaintiff with the referred records on January 24, 1992. It withheld certain information pursuant to the FOIA exemptions 7(C) and 7(D), 5 U.S.C. § 552(b)(7)(C) and (7)(D). The records referred to the CIA and the INS are not addressed in plaintiff's suit.

In response to plaintiff's opposition to defendants' motion for summary judgment and plaintiff's second motion to compel, defendants conducted an additional search for information concerning plaintiff. This additional search located the same documents as were initially processed.[3] Hartig Declaration II at ¶ 5.

Defendants have moved for summary judgment, arguing that their search was adequate and their exemptions proper as a matter of law. Plaintiff contends that genuine issues of material fact exist concerning the adequacy of the search conducted, the completeness of the released information, and the propriety of the claimed exemptions. Plaintiff further contends that discovery is necessary to determine the facts relating to these issues.[4]

## Discussion

### Subject Matter Jurisdiction

■ In addition to charging several federal agencies with violations of the FOIA and the Privacy Act, plaintiff has named three federal officials as defendants. This Court's jurisdiction to enforce the FOIA is limited to enjoining agency noncompliance. *See* 5 U.S.C. § 552(a)(4)(B). Therefore, plaintiff may not assert a FOIA claim against individual federal officials. *See Whittle v. Moschella*, 756 F.Supp. 589, 596 (D.D.C.1991); *Sherwood Van Lines, Inc. v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.D.C.1990).

■ Under the Privacy Act, this Court has jurisdiction over individually named defendants only for unauthorized disclosure in violation of 5 U.S.C. § 552a(i). Although plaintiff states that unauthorized releases of records protected by the Privacy Act were made, plaintiff provides no support for these speculative assertions. *See* Plaintiff's Opposition at ¶ 14(k); Plaintiff's 108(h) Statement at ¶ C(2); Plaintiff's Supplemental Reply at ¶ 9. Accordingly, the Court finds that it does not have jurisdiction over defendants Donnelly, Hartig, and Demarco, and dismisses plaintiff's action as to these defendants.

### The FOIA Claims

■ To obtain summary judgment in a FOIA action, an agency must prove that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. *Founding Church of Scientology, Inc. v. NSA*, 610 F.2d 824, 836

---

**2.** The BATF advised plaintiff that the remaining 70 pages referred to it by the DIS had been provided to plaintiff in response to an earlier request made directly to the BATF. The BATF informed plaintiff that an additional copy of those records would be provided at his request upon receipt of payment of duplication fees. The Court finds that because these records had already been furnished, the assessment of duplication fees was entirely proper. *Cf. Crooker v. United States State Dep't*, 628 F.2d 9, 11 (D.C.Cir. 1980) (agency is not required to release documents already provided to plaintiff by another agency).

**3.** The search also retrieved four documents added to the file subsequent to the processing of plaintiff's FOIA/Privacy Act request, and fifteen printouts reflecting all entries concerning plaintiff in the automated index to Department of Defense investigations and personnel security clearances. The DIS has now provided these printouts in full to plaintiff. Hartig Declaration II at ¶ 5(b).

**4.** On September 23, 1991, plaintiff filed an amended motion under *Vaughn v. Rosen*, seeking a detailed itemization and indexing of the withheld materials. The Court denied plaintiff's motion without prejudice on November 22, 1991. The Court finds that the declarations submitted by defendants in conjunction with these motions fully accord with the requirements of *Vaughn*. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

(D.C.Cir.1979). To meet this burden, the agency must "prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements." *National Cable Television Ass'n v. FCC*, 479 F.2d 183, 186 (D.C.Cir.1973). The Court may rely on agency affidavits in determining whether an agency has met its burden of proof. *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). These affidavits must be sufficiently detailed, nonconclusory, and submitted in good faith. *Id.* "If these requirements are met, the district judge has the discretion to forgo discovery and award summary judgment on the basis of the affidavits." *Id.*[5]

Defendants assert that, as a matter of law, their search was adequate and that they properly invoked exemptions 2, 7(C), and 7(D). The Court addresses each of these issues in turn.

*The Adequacy of the Search*

■ In order to obtain summary judgment on this issue, defendants must show "that [they] made a good faith search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C.Cir. 1990). In making its determination of whether an agency has met its burden, the Court must accord substantial weight to affidavits averring that all documents have been produced. *Goland*, 607 F.2d at 352. Based on defendants' affidavits, the Court finds that defendants' search was adequate as a matter of law.

■ In responding to plaintiff's FOIA request, defendant DIS twice searched its name retrievable systems of records containing information about individuals not employed by DIS.[6] Specifically, defendant DIS searched its "personnel security investigative records system" and its "industrial security clearance record system" for information concerning plaintiff. *See* Hartig Declaration II at ¶ 4. Both searches uncovered nearly identical information. *See id.* at ¶ 5. Defendant DIS did not search non-name retrievable records systems. *Id.* at ¶ 4. A search need not, however, "be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C.Cir.1986). Therefore, an agency need not search every record system. *Oglesby*, 920 F.2d at 68. In this case, given the complete lack of evidence suggesting that additional records exist, the Court concludes that defendants' failure to search additional records systems does not create a genuine issue of fact as to the adequacy of the search conducted.

Plaintiff primarily contends that defendants' search was inadequate because plaintiff purportedly believes that additional records exist. *See* Plaintiff's Opposition at ¶ 14(g); Plaintiff's Statement of Genuine Issues at ¶ C(2); Plaintiff's Supplemental Reply at ¶ 7. Plaintiff provides no proof that additional records do exist. "Such hypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search." *Oglesby*, 920 F.2d at 67 n. 13. *See also Safecard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C.Cir. 1991) ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."). Therefore,

---

**5.** Throughout his second motion to compel discovery and his opposition to defendants' motion for summary judgment, plaintiff maintains that he needs discovery to ascertain the nature of what he perceives to be disputed issues of fact. Discovery should be denied if the agency affidavits are sufficiently detailed and submitted in good faith, and if it is clear from these declarations that the defendants are entitled to summary judgment. *See Goland*, 607 F.2d at 357. Plaintiff provides no evidence to support his allegations of bad faith on the part of defendants. Therefore, because defendants' affidavits are suf-

ficiently detailed, and, as discussed *infra*, the Court finds that defendants are entitled to summary judgment, the Court denies plaintiff's discovery demands.

**6.** Although plaintiff asserts that the searches conducted by OPM, OSI, and the FBI were inadequate, the Court is concerned only with the adequacy of defendant DIS's search. Because plaintiff's FOIA request was directed only to DIS, no other agency was required to conduct a search.

the Court finds that defendants' search was adequate.

*Exemption 2*

■ Defendant OSI withheld a source evaluation code pursuant to the FOIA exemption 2. *See* Fry Declaration at ¶ 9. Under this exemption, an agency need not disclose material "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). This exemption has been held to apply to " 'routine matters' of 'merely internal significance' in which the public lacks any substantial or legitimate interest." *Lesar v. United States Dep't of Justice,* 636 F.2d 472, 485 (D.C.Cir.1980). With regard to predominantly internal information that is not purely administrative, an agency may invoke exemption 2 only if the disclosure of such material would risk circumvention of the law or of agency regulations. *PHE, Inc. v. Department of Justice,* 983 F.2d 248, 250 (D.C.Cir.1993) (*citing Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d 1051, 1074 (D.C.Cir. 1981)). *See also Founding Church of Scientology, Inc. v. Smith,* 721 F.2d 828, 830–31 (D.C.Cir.1983).

■ Defendant OSI withheld a code used to evaluate informants. A code that is used to evaluate investigative information qualifies as a purely internal practice of the agency. *See Atkins v. Department of Justice,* Civil No. 88–0842, slip op. at 5, 1988 WL 113836 (D.D.C. Feb. 26, 1990). Defendant OSI has detailed how release of such information could undermine the effectiveness of OSI investigations. *See* Fry Declaration at ¶ 9.[7] Plaintiff's assertion that "defendants have failed to articulate a definitive harm resulting from the release of this information and that the probable consequences articulated by defendants are not supported by the

factual record," Plaintiff's Statement of Genuine Issues at ¶ A(14), is insufficient to create a genuine issue of material fact as to whether disclosure would risk circumvention of the law or of agency regulations. Accordingly, the Court finds that defendant OSI properly withheld this information pursuant to the FOIA exemption 2.

*Exemption 7*

The FOIA exemption 7 allows an agency to withhold "investigatory records compiled for law enforcement purposes" to the extent that disclosure of such information would result in one of the enumerated harms listed in subsections (A)–(F). 5 U.S.C. § 552(b)(7). Thus, as a threshold matter, to invoke exemption 7, an agency must demonstrate that the documents were compiled for law enforcement purposes. *See, e.g., Keys v. United States Dep't of Justice,* 830 F.2d 337 (D.C.Cir.1987) (*citing Pratt v. Webster,* 673 F.2d 408 (D.C.Cir.1982)); *Birch v. United States Postal Service,* 803 F.2d 1206, 1211 (D.C.Cir.1986).

■ One of the FBI records at issue was generated as a result of a foreign counterintelligence investigation of another individual. Turner Declaration at ¶ 6. The other FBI record and the DIS record contained information generated in• the course of an investigation of a third party's possible violation of the Interstate Transportation of Stolen Property Act. Turner Declaration at ¶ 7. The OSI records at issue were compiled during an official criminal investigation into possible misrepresentation of credentials to obtain Air Force contracts. Fry Declaration at ¶ 6. It is clear that these records were compiled for law enforcement purposes, and that the defendants have satisfied the threshold requirement of exemption 7.[8]

---

7. The affidavits of Special Agents Fry and Turner were filed under seal. For this reason, the Court does not elaborate on the sufficiency of either affidavit.

8. Plaintiff may refute an objective finding that there is a nexus between the activity of a law enforcement agency such as the FBI and its official law enforcement duties only by presenting "persuasive evidence that in fact another, nonqualifying reason prompted the investigation." *Keys,* 830 F.2d at 340 (*citing Shaw v. FBI,*

749 F.2d 58, 63 (D.C.Cir.1984)). Plaintiff has not presented such evidence, but instead has concluded that "[d]efendants have failed to prove that the information was collected pursuant to a lawful law enforcement activity." Plaintiff's Statement of Genuine Issues at ¶ A(15). The threshold test is different for a "mixed" agency such as the OSI. *See Birch v. United States Postal Service,* 803 F.2d 1206 (D.C.Cir.1986). Plaintiff's mere assertion that the OSI is not a federal enforcement agency within the meaning

*Exemption 7(C)*

■ An agency is entitled to withhold from disclosure materials that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). To determine if an agency's 7(C) claim is proper, the Court must balance the privacy interests at stake against the public interest in the information's release. *United States Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 763, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989).

■ The FBI has claimed exemption 7(C) to protect the names and initials of FBI Special Agents and an FBI clerical employee. Turner Declaration at ¶¶ 15–16. The FBI also has withheld the name, and other identifying information, of a private citizen who was mentioned in connection with an investigation. *Id.* at ¶ 7. The OSI has invoked this exemption to protect the identity of a BATF agent. Fry Declaration at ¶ 8. Defendants detail how release of this information could subject these individuals to unwanted public attention, criticism, and harassment. *See* Turner Declaration at ¶¶ 15–17; Fry Declaration at ¶ 8.

It is well established that informants, investigating agents, and other persons involved in law enforcement investigation have strong privacy interests worthy of protection. *See, e.g., Reporters Comm.*, 489 U.S. at 765, 109 S.Ct. at 1477 ("disclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind"); *King v. United States Dep't of Justice*, 830 F.2d 210, 233 (D.C.Cir.1987); *Green v. United States Dep't of Justice*, Civil No. 85–504, slip op. at 22, 1990 WL 91538 (D.D.C. April 17, 1990); *Atkins*, slip op. at 7. Because plaintiff does not, and cannot, point to a countervailing public interest that would compel disclosure, it is clear that defendants have properly withheld these documents.

*Exemption 7(D)*

Exemption 7(D) protects from disclosure investigatory records compiled for law en-

forcement purposes that disclose the identity of a confidential source and, in the case of information compiled by a criminal law enforcement agency in the course of a criminal investigation, would disclose information furnished by a confidential source. 5 U.S.C. § 552(b)(7)(D).

■ The FBI invoked exemption 7(D) to withhold both the identity of a private citizen who provided information under an implied promise of confidentiality and the information so provided. Turner Declaration at ¶ 19. Defendants assert that the information was "so singular that to release it would likely identify the individual, particularly to a knowledgeable party." *Id.* at ¶ 20. Defendants also set forth the operating procedure that gave rise to the tacit assurance of confidentiality. *Id.* at ¶¶ 21–24.

Defendants' reliance on exemption 7(D) was proper. Defendants benefit from a presumption of confidentiality. "Absent evidence to the contrary, 'promises of confidentiality are inherently implicit when the FBI solicits information.' " *Schmerler v. FBI*, 900 F.2d 333, 337 (D.C.Cir.1990) (*quoting Keys*, 830 F.2d at 345). Plaintiff has provided no such contrary evidence. Moreover, because the information was compiled by the FBI while conducting a legitimate criminal investigation, *see* Turner Declaration at ¶ 6, the information itself is protected from disclosure. *See, e.g., Parker v. Department of Justice*, 934 F.2d 375, 380 (D.C.Cir.1991). Accordingly, defendants are entitled to summary judgment with respect to plaintiff's FOIA claims.

*The Privacy Act Claims*

Plaintiff has alleged violations of both the FOIA and the Privacy Act. Therefore, the Court's conclusion that no genuine issue of material fact exists with respect to plaintiff's FOIA claims does not end the inquiry; the Court must determine separately whether plaintiff is entitled to any of the withheld information under the Privacy Act. *See Martin v. Office of Special Counsel, Merit*

---

of exemption 7, however, is plainly insufficient to refute defendant OSI's affidavit that the records at issue were compiled for law enforcement purposes. *See* Plaintiff's Statement of Genuine Issues at ¶ A(15).

*Sys. Protection Bd.*, 819 F.2d 1181, 1184 (D.C.Cir.1987).

The Privacy Act allows an agency to exempt from access any system of records within the agency if the system is maintained by a criminal law enforcement agency and the system contains information compiled for the purpose of law enforcement. 5 U.S.C. § 552a(j)(2). Both the FBI and the OSI have promulgated regulations exempting such records from Privacy Act access. *See* 28 C.F.R. § 16.96; 32 C.F.R. § 806b.11; Air Force Regulation 12–35.

■ Defendants' affidavits are sufficient to establish that plaintiff is not entitled to access to the referred documents under the Privacy Act because the records at issue are contained in criminal investigative files. *See* Turner Declaration ¶ 10; Fry Declaration ¶ 7. Accordingly, the Court finds that plaintiff does not have a right of access to the withheld material under the Privacy Act.

### Conclusion

For the foregoing reasons, the Court dismisses plaintiff's action against the individually named defendants because of a lack of subject matter jurisdiction over these defendants. The Court denies plaintiff's second motion for discovery and grants the agency defendants' summary judgment motion.