Willard SANTOS, Plaintiff,

v.

DRUG ENFORCEMENT AGENCY, Office of Information and Privacy, and Richard L. Huff, Co–Director, Office of Information and Privacy, Defendants.

No. 02–734 (RJL).

United States District Court,
District of Columbia.

March 31, 2004.

Willard Santos, Lewisburg United States Penitentiary, Lewisburg, PA, pro se.

Marina Utgoff Braswell, U.S. Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Before the Court are the parties' cross-motions for summary judgment and dismissal. This action concerns a request made by the plaintiff, Willard Santos, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for documents in the possession of the Drug Enforcement Agency ("DEA") regarding a criminal investigation of a third party. The plaintiff, proceeding *pro se*, moves for summary judgment in this action on the grounds that the defendants have denied his request and that he has tried all the necessary procedures to obtain the requested documents. The defendants, the DEA, the Office of Information and Privacy ("OIP"), and Richard L. Huff, Co–Director, OIP, move for dismissal, or in the alternative, for summary judgment on the grounds that the plaintiff has named improper parties and that the documents requested by the plaintiff are subject to Exemptions 2, 3, 7(C), 7(D), and 7(F) under FOIA, and are thus properly withheld. For the following reasons, the Court DENIES the plaintiff's motion for summary judgment. The Court GRANTS in part, and DENIES in part, the defendants' motion.

### Factual Background

The plaintiff, Willard Santos, was accused of financing the purchase of 200 kilos of cocaine in Florida in early 1995. Compl., at 3; Pl. Opp. to Mot. to Dismiss, or for Summ. J., at 2. On December 20, 2000, the plaintiff, now incarcerated, filed a FOIA request seeking information regarding the criminal investigation of Bernardo Arias, an individual who gave testimony at his trial. Compl., at 2–3; Pl. Opp. to Mot. to Dismiss, or for Summ. J., at 2. The plaintiff believes that information from this investigation will reveal that a business controlled by Arias, Teleinternational, was the source of the funds used to finance the cocaine purchase, and thereby exonerate him. Compl., at 3; Pl. Opp to Def. Mot. to Dismiss, or for Summ. J., at 2.

On July 19, 2001, the DEA informed the plaintiff that it could neither confirm nor deny the existence of the requested records without proof of death or a privacy waiver from Arias, Compl., at 2, Def. Mot. to Dismiss, Decl. of Leila I. Wassom ¶ 10, who was incarcerated in the United States and then subsequently deported to Colombia. Pl. Mot. for Summ. J., at 3. The plaintiff requested this waiver from Arias' counsel of record, Lawrence M. Herrman, who in essence indicated that although he had written Arias regarding the request, the records in question had not been received from Arias but other sources. Compl., Ex. 5 (Letter from Lawrence M. Herrman to New York office of the DEA)[1]; Def. Mot. to Dismiss, Ex. D. On July 26, 2001, the plaintiff appealed the DEA's response to OIP. Compl., at 2. On January 18, 2002, OIP affirmed the DEA's decision, informing the plaintiff that confirming or denying the existence of law enforcement records concerning a third party would constitute an invasion of privacy absent consent, proof of death, or an overriding public interest. *Id.;* Decl. of Leila I. Wassom ¶ 16.

In its motion to dismiss, or in the alternative, for summary judgment, the DEA withdraws its previous response neither confirming nor denying the existence of the documents requested by the plaintiff. Decl. of Leila I. Wassom, at ¶ 17. Instead, the DEA indicates via affidavit that it does indeed maintain the documents requested by the plaintiff, but that these documents criminal investigatory records that are subject to Exemptions 2, 3, 7(C), 7(D), and 7(F) under FOIA, and that there is no segregable information that can be disclosed to him.

### Discussion

The Court will only dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). However, even if the Court accepts as true all of the factual allegations set forth in the complaint, *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985), and construes the complaint liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C.Cir.1979), it "need not accept inferences drawn by [the] plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276.

■ Summary judgment is appropriate when the pleadings and the record demon-

---

1. In support of his Complaint, the plaintiff presents thirteen documents, most of which are copies of his correspondence with the DEA and OIP. Although the plaintiff did not number these documents, the Court will refer to them, in the order that they were filed, as Exhibits 1–13.

strate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment may support its motion by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)). In opposing summary judgment, the "nonmoving party [must] go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(c), (e)). The court must view the facts in the light most favorable to the non-movant, giving the non-movant the benefit of all justifiable inferences derived from the evidence in the record. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Additionally, *pro se* pleadings should be read more liberally than formal pleadings filed by attorneys, and the court should try to discern a cause of action even if a party's complaint is unartfully pleaded. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## I. *Defendants' Motion to Dismiss for Failure to Name Proper Party Defendants*

■ The defendants move for dismissal on the grounds that the plaintiff fails to name proper party defendants in this action. Under FOIA, this Court has jurisdiction to "enjoin the *agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (emphasis added).

Defendants argue that the plaintiff has not named an "agency," rather, has only named two components of the U.S. Department of Justice, the DEA and OIP, and a DOJ official. Def. Mot. to Dismiss, at 2. A plaintiff may not assert a FOIA claim against individual federal officials. *See, e.g., Stone v. Defense Investigative Service,* 816 F.Supp. 782, 785 (D.D.C.1993); *Whittle v. Moschella,* 756 F.Supp. 589, 596 (D.D.C.1991). Accordingly, the Court grants the defendants' motion to the extent it seeks dismissal of claims against Richard L. Huff. With regard to the DEA and OIP, in light of the cases brought against the DEA in this district, *see, e.g., Mays v. DEA,* 234 F.3d 1324 (D.C.Cir. 2000), *Yeager v. DEA,* 678 F.2d 315 (D.C.Cir.1982), and the D.C. Circuit's suggestion that "components" such as the FBI and the Executive Office might be considered "agencies" under FOIA, *Peralta v. U.S. Attorney's Office,* 136 F.3d 169, 173–74 (D.C.Cir.1998), the Court declines to dismiss the DEA and OIP from this action. Moreover, the Court will not dismiss OIP on the grounds that "plaintiff's FOIA request was directed to DEA." Def. Mot. to Dismiss, or for Summ. J., at 3. Plaintiff's Complaint, on the very first page, clearly states that he "moves this Court to issue an order to the DEA, Office of Information and Privacy, to produce the records requested..." Compl., at 1.

## II. *Defendants' Motion for Summary Judgment*

The defendants also move for summary judgment on the grounds that the records requested by the plaintiff are properly withheld under Exemptions 2, 3, 7(C), 7(D), and 7(F). In support of the applicability of these exemptions, the defendants put forth the affidavit of Leila I. Wassom, a paralegal specialist assigned to the Freedom of Information and Records Manage-

ment Section, Freedom of Information Litigation Unit (SARL), DEA Headquarters.

▆▆▆ Before the Court can address the applicability of FOIA exemptions, it must assess the adequacy of the agency's search for responsive documents. Although a requester must reasonably describe the records sought, 5 U.S.C. § 552(a)(3), an agency also has a duty to construe a FOIA request liberally. *Truitt v. Department of State*, 897 F.2d 540, 544–45 (D.C.Cir.1990). The government is entitled to summary judgment as to the adequacy of its search in response to a FOIA request if it can demonstrate beyond material doubt that its search "was reasonably calculated to uncover all relevant documents". *Weisberg v. U.S. Department of Justice*, 705 F.2d 1344, 1351 (D.C.Cir.1983). The agency must make a good faith effort to conduct a search for the requested records. *Oglesby v. U.S. Department of Army*, 920 F.2d 57, 68 (D.C.Cir.1990). Conclusory statements that the agency has reviewed the relevant files are insufficient to support summary judgment. *Weisberg v. U.S. Department of Justice*, 627 F.2d 365, 370 (D.C.Cir.1980) (finding agency affidavits that "do not denote which files were searched or by whom, do not reflect any systematic approach to document location, and do not provide information specific enough to enable [the plaintiff] to challenge the procedures utilized" are insufficient to support summary judgment).

▆▆▆ Ms. Wassom's affidavit includes only a conclusory statement regarding the DEA's search for responsive documents: "The records responsive to the plaintiff's FOIA / PA request are criminal investigatory records that have been compiled for legitimate law enforcement investigations. The records concern the criminal investigation of Mr. Arias and other individuals for money laundering of narcotics proceeds." Decl. of Leila I. Wassom ¶ 18. This is simply not sufficient information

for the Court to determine if the DEA's search was adequate.

▆▆▆ Furthermore, even if the Court could find that the DEA's search was adequate, the defendants fail to put forth sufficient detail regarding the connection between the general standards for claiming an exemption and the documents that have been withheld. *See, e.g., Vaughn v. Rosen*, 484 F.2d 820, 825–27 (D.C.Cir.1973) (requiring affidavits to specifically describe the withheld or redacted documents, and justify, in some detail, why responsive documents are exempt from disclosure); *Raulerson v. Ashcroft*, 271 F.Supp.2d 17, 22 (D.D.C.2002) ("[T]here is no set formula for a *Vaughn* index; rather, the court expects a certain amount of detail if it is to grant a motion for summary judgment on the affidavits rather than conduct an *in camera* review or request elaboration from the withholding agency...").

Ms. Wassom's affidavit provides a detailed discussion of the requirements for the invocation of each exemption, but fails to make more than a vague reference to the documents withheld. *See* Decl. of Leila I. Wassom ¶¶ 21, 25, 28, 29, 30 (indicating that "most of the pages" of responsive documents contain "violator identifiers," that "[s]ome of the documents in this file" contain names that would violate privacy interests if disclosed, and that "[s]everal of the responsive pages contain identities and confidential information provided by coded informants"). This is especially problematic when the agency is withholding the file requested by the plaintiff *in its entirety*. *See* Decl. of Leila I. Wassom ¶ 35 ("There is no information that can be reasonably segregated and disclosed to the plaintiff."). The Court cannot engage in a reasoned analysis of the defendants' arguments for exemption where there is "no connection

drawn...between the documents and the exemptions," and "none of the claimed exemptions is correlated to a page or document, let alone to particular parts of a document, as is required in order to justify withholding information." *Juda v. U.S. Customs Service,* 2000 WL 1093326, *1, 2000 U.S.App. LEXIS 17985, at *4 (D.C.Cir., June 19, 2000); *see also Mays v. DEA,* 234 F.3d at 1328 (remanding for insufficient detail in the record as to whether and to what extent release of documents would reveal the identity or implicate privacy interests of any third party, where affidavit stated that "some of the documents" contained names and addresses exempt from disclosure and asserted that this information was inextricably intertwined with third party information). Although the Court does not expect an exhaustive, line-by-line description of the requested file, it must have a sufficient sense of what kinds of documents are contained in the file in order to evaluate the application of the enumerated exemptions. Where an affidavit neither gives a functional description of the contents of the file nor an identification of any document or group of documents, it is not possible to determine whether nondisclosure is justified or whether any of the information is segregable. *Juda,* 2000 WL 1093326, *1, 2000 U.S.App. LEXIS 17985, at *4.

While it may be that the documents requested by the plaintiff are subject to categorical exemptions applicable to investigatory files of third parties that would justify nondisclosure, *U.S. Department of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 776, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), *Safe-Card Services v. SEC,* 926 F.2d 1197, 1206 (D.C.Cir.1991), the Court cannot apply a blanket exemption to an investigatory record, especially where the agency fails to put forth a sufficiently detailed description of the documents withheld and the exemptions to which the documents correspond. *Nation Magazine v. U.S. Customs Service,* 71 F.3d 885, 896 (D.C.Cir.1995). Accordingly, the Court denies the defendant's motion for summary judgment.

## III. Plaintiff's Motion for Summary Judgment

■ In his motion for summary judgment, the plaintiff merely restates the grounds for his complaint, and indicates that he has provided the Court with all of the correspondence that supports his claims. As the record lacks sufficient detail as to the nature of the documents held by the DEA and the exemptions that may or may not justify disclosure, the Court finds that there are genuine issues of material fact remaining and thus denies the plaintiff's motion for summary judgment.

## ORDER

For the reasons set forth above, it is this 31st day of March, 2004, hereby

**ORDERED** that the defendants' motion to dismiss, or in the alternative, for summary judgment [# 15] is **GRANTED** in part, and that defendant Richard L. Huff is dismissed as a party to this action; and it is further

**ORDERED** that the defendants' motion is otherwise **DENIED**; and it is further

**ORDERED** that the plaintiff's motion for summary judgment [# 9] is **DENIED**; and it is further

**ORDERED** that the defendants shall submit within 90 days of this order additional and / or more detailed affidavits describing the processes and procedures followed by the DEA and the basis for claiming exemptions as to responsive documents, so that the Court may assess the adequacy of the search and the applicabili-

ty of the claimed exemptions; and it is further

**ORDERED** that if appropriate thereafter, the parties may renew their motions for summary judgment.

**SO ORDERED.**