Maureen SANTINI, Plaintiff,

v.

Jeffrey A. TAYLOR, et al., Defendants.

Civil Action No. 06–1970 (GK).

United States District Court,
District of Columbia.

May 27, 2008.

Maureen Santini, Bethesda, MD, pro se.

William Mark Nebeker, U.S. Attorney's Office, Washington, DC, for Defendants.

## *MEMORANDUM OPINION*

GLADYS KESSLER, District Judge.

Plaintiff Maureen Santini, proceeding *pro se*, brings this action against Jeffrey A. Taylor, United States Attorney, and Daniel J. Metcalf, Director of the Department of Justice's Office of Information and Privacy[1] alleging violations of the Freedom of Information Act, 5 U.S.C. § 552 and the Administrative Procedure Act, 5 U.S.C. §§ 701–706. This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. No. 12]. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendants' Motion to Dismiss is **granted.**

1. Both Defendants are sued only in their official capacity.

2. For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. *See In re Baan Co. Securities Litigation*, 245 F.Supp.2d 117, 124–25 (D.D.C.2003). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

## I. BACKGROUND[2]

Plaintiff brings this action in an attempt to obtain from the U.S. Attorney's Office for the District of Columbia and the Department of Justice's Office of Information and Privacy information about her and a criminal case that was brought against her by the United States Attorney's Office in D.C. Superior Court in December 2000. The criminal case against Plaintiff, which initially alleged two charges of false threats, ultimately was dismissed. Subsequent to her criminal prosecution, Plaintiff filed a civil suit in D.C. Superior Court against the attorneys who represented her in that criminal proceeding from 2000 to 2001. Plaintiff currently seeks disclosure of documents under the FOIA and challenges the refusal by the U.S. Attorney's Office to comply with a subpoena issued in Plaintiff's civil case.[3] Plaintiff's Superior Court civil case was dismissed on January 7, 2008.

## II. STANDARD OF REVIEW

■■■ To prevail on a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), it is the plaintiff's burden to establish that the court has subject matter jurisdiction to hear the case. *In re Swine Flu Immunization Prods. Liab. Litig.*, 880 F.2d 1439, 1442–43 (D.C.Cir.1989); *Jones v. Exec. Office of the President*, 167 F.Supp.2d 10, 13 (D.D.C. 2001). While the Court must accept as true all factual allegations contained in the

3. Following their initial receipt of Plaintiff's subpoena for documents in April 2006, Defendants removed to this Court. Judge Collyer, writing for this Court, quashed the subpoena on October 17, 2006, noting that the Court lacked jurisdiction to enforce a Superior Court subpoena against the federal government and lacked jurisdiction to consider Plaintiff's allegations given her failure to exhaust her administrative remedies under the Administrative Procedure Act ("APA").

complaint, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), "plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim," because the plaintiff bears the burden of proof. *Grand Lodge of the Fraternal Order of Police v. Ashcroft,* 185 F.Supp.2d 9, 13–14 (D.D.C. 2001) (internal quotation marks omitted). In making its determination regarding the existence of subject matter jurisdiction, the court may consider matters outside the pleadings. *Lipsman v. Sec'y of the Army,* 257 F.Supp.2d 3, 6 (D.D.C.2003).

■ Courts in this jurisdiction must liberally construe pleadings submitted by a *pro se* party. *See United States v. Palmer,* 296 F.3d 1135, 1143 (D.C.Cir.2002) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) for the proposition that the allegations of a *pro se* litigant, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers").

■ However, there are limits to the latitude a court must afford *pro se* parties. A court may not, for instance, permit *pro se* litigants to disregard the Federal Rules of Civil Procedure. *United States v. Funds From Prudential Sec.,* 362 F.Supp.2d 75, 82 (D.D.C.2005). Nor may a court entertain "what[ever] claims a [*pro se* litigant] may or may not want to assert" without an adequate jurisdictional basis. *Jarrell v. Tisch,* 656 F.Supp. 237, 239 (D.D.C.1987).

## III. ANALYSIS

### A. Plaintiff's Administrative Procedure Act Claim Is Moot.

■ On January 16, 2008, Defendants filed a Suggestion of Mootness with the Court, arguing that the recent dismissal of Plaintiff's Superior Court civil action rendered her APA claim in the instant case moot. Plaintiff's APA claim alleged that the U.S. Attorney's Office arbitrarily and capriciously refused to comply with the subpoena issued in Plaintiff's civil case, and therefore violated the APA. Because the dismissal of Plaintiff's Superior Court action extinguishes any right she may have had to issuance of a subpoena in that proceeding, and because the relief requested in her APA claim is no longer available, Plaintiff's APA claim must be dismissed as moot.

Plaintiff argues that notwithstanding the dismissal of her civil case, her subsequent appeal of the Superior Court ruling prevents her claim from becoming moot. However, it is well settled that an appeal of an adverse state court ruling is not sufficient to keep underlying collateral discovery disputes alive, as "there is no longer a trial proceeding in aid of which a subpoena . . . may issue." *Lopez Contractors, Inc. v. F & M Bank Allegiance,* 90 Fed.Appx. 549, 550 (D.C.Cir.2004) (quoting *City of El Paso v. S.E. Reynolds,* 887 F.2d 1103, 1105 (D.C.Cir.1989)). Consequently, Plaintiff's claim must be dismissed as moot.

### B. The Court Lacks Subject Matter Jurisdiction to Enforce the Freedom of Information Act Against Individuals.

Plaintiff's FOIA claims also must be dismissed, because this Court lacks subject matter jurisdiction to enforce the Freedom of Information Act against individuals. Plaintiff has named only individuals, not agencies, in this case.

■ The Freedom of Information Act grants district courts "jurisdiction to enjoin the *agency* from withholding agency

records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (emphasis added). Accordingly, this Court lacks jurisdiction to hear FOIA claims against individuals, even where such individuals are agency heads or other agency officials named in their official capacity. *Santos v. Drug Enforcement Agency*, 357 F.Supp.2d 33, 36 (D.D.C.2004); *Stone v. Defense Investigative Service*, 816 F.Supp. 782, 785 (D.D.C.1993). Because Plaintiff has named as defendants in this case government employees in their official capacity (i.e., Defendants Jeffrey Taylor and Daniel J. Metcalf), rather than the *agency* being sued, Plaintiff's case must be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

## IV. CONCLUSION

For the foregoing reasons Defendants' Motion to Dismiss [**Dkt. No. 12**] is **granted** and this case is **dismissed with prejudice.**

An Order shall accompany this Memorandum Opinion.