In the Matter of the Applications of the CITY OF EL PASO, TEXAS, Nos. HU 12 Through HU 71 and LRG 92 Through LRG 357, to Appropriate Ground Water From the Hueco and Lower Rio Grande Underground Water Basins.

CITY OF EL PASO, Appellant,

v.

S.E. REYNOLDS, State Engineer, et al.

No. 88–5357.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 22, 1989.

Decided Oct. 20, 1989.

Richard D. Milvenan with whom P.M. Schenkkan, Austin, Tex., Neil W. Imus, Washington, D.C., and Benjamin Phillips,

Santa Fe, N.M., were on the brief, for appellant.

Michael Davidson, Senate Legal Counsel, Washington, D.C., with whom Ken U. Benjamin, Jr., Deputy Senate Legal Counsel, and Morgan J. Frankel, Asst. Senate Legal Counsel, Washington, D.C., were on the brief, for appellees, Senator Jeff Bingaman, et al.

Before WALD, Chief Judge, BUCKLEY and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

This is an appeal from an order of the United States District Court for the District of Columbia quashing subpoenas issued at the request of the City of El Paso, Texas ("El Paso" or "the city") to a United States Senator and three of his legislative aides (collectively "appellees"). The District Court based its order on constitutional grounds. Because subsequent events rendered the matter moot during the pendency of this appeal, we will not reach the constitutional question, but will for the reasons more fully set out below affirm the District Court, vacating the decision of the constitutional question on mootness grounds.

## I. BACKGROUND

El Paso has long been involved in a controversy with the state of New Mexico over the city's desire to withdraw groundwater from that state for use in the state of Texas. *See generally, City of El Paso v. Reynolds,* 563 F.Supp. 379 (D.N.M.1983); *City of El Paso v. Reynolds,* 597 F.Supp. 694 (D.N.M.1984). In the round of litigation giving rise to the immediate controversy, El Paso applied to the New Mexico State Engineer for permits to make withdrawals from two New Mexico aquifers. After extended discovery and hearings, the State Engineer denied all of El Paso's applications. The city appealed the State Engineer's decision to New Mexico State District Court. When every judge in the District Court having venue over the contro-

versy either voluntarily recused or otherwise became ineligible to hear the case, the Chief Justice of the New Mexico Supreme Court designated Judge Manuel D.V. Saucedo to preside on June 6, 1988.

El Paso moved for change of venue and for recusal of the designated judge, assigning several reasons for his disqualification. Among its reasons, El Paso assigned Judge Saucedo's former employment in the office of United States Senator Jeff Bingaman of New Mexico. El Paso asserts, and it appears to be undisputed, that Senator Bingaman, as a Senator and formerly as Attorney General of the state of New Mexico, had been actively involved on New Mexico's side of the groundwater controversy.

On September 6, 1988, prior to Judge Saucedo's ruling on the Motion for Recusal, El Paso caused the issuance in the District of Columbia of deposition subpoenas for Senator Bingaman and three of his legislative aides. El Paso sought to depose the four on their knowledge of Judge Saucedo's knowledge of, and involvement in, the groundwater controversy. On September 12, 1988, the Senator and his aides filed a Motion for Protective Order seeking to quash the subpoenas. On September 15, 1988, the District Court quashed the subpoenas on the ground that the Speech or Debate Clause of the United States Constitution, art. I, § 6, cl. 1, prohibited this discovery of the Senator and his staff. On October 27, 1988, El Paso filed its Notice of Appeal from the order. The next day, October 28, Judge Saucedo denied El Paso's recusal motion. On March 2, 1989, during the pendency of the present appeal, Judge Saucedo dismissed El Paso's action in the New Mexico State District Court. El Paso appealed that decision in the state courts of New Mexico. The New Mexico appeal is currently pending.

## II. ANALYSIS

In seeking to subpoena evidence by way of discovery deposition for use in proceedings in New Mexico, the City of El

Paso invoked section 14–103 of the District of Columbia Code.[1]

Upon receipt of the subpoenas, all prospective deponents moved the District Court for protective orders. All sought to have the District Court quash the subpoenas as violative of the Constitution of the United States, more particularly as inquiring into matters privileged from discovery under the Speech or Debate Clause, U.S. Const., art. I, § 6, cl. 1. After hearing argument, the District Court decided the constitutional question in favor of appellees and granted quashal of all four subpoenas. In due course, El Paso appealed.

In reviewing the decision of the District Court, we find that a resolution of the constitutional question is no longer necessary in the light of subsequent events. The statute under which the depositions were issued, D.C.Code Ann. § 14–103, specifies that "the testimony may be taken by leave of a judge of the United States District Court *in like manner and with like effect* as other depositions are taken in the United States district courts." (emphasis added). In District Court the "manner" and "effect" of taking and using "other depositions" is governed by Rules 26–32, 34, and 37 of the Federal Rules of Civil Procedure. At the time of the District Court hearing, a trial court proceeding was ongoing in the controversy in which El Paso sought the subpoenas, and the District Court quite properly looked to the provisions of Rule 26(c), governing the issuance of protective orders. The Court therefore explored the merits of the deponents' claim of constitutional privilege.

However, as we noted in Part I, *supra*, much has happened since the District Court's inquiry. Now, there is no longer a trial proceeding in aid of which a subpoena for discovery deposition may issue. It is that sort of subpoena that appellants pursued in the District Court. In the case of a discovery deposition, under the Federal Rules, "[t]he attendance of witnesses may be compelled by subpoena as provided in Rule 45." Fed.R.Civ.P. 30(a). The procedural requirements for the issuance of such a subpoena and the taking of such a deposition are quite simple. "Proof of service of a notice to take a deposition as provided in Rules 30(b) and 31(a) constitutes a sufficient authorization for the issuance ... of subpoenas for the persons named or described therein." Fed.R.Civ.P. 45(d)(1). Now, however, the trial proceeding in which the discovery depositions were sought is on appeal. Depositions pending appeal are governed not by Rules 26, 30, and 45, but by Rule 27, titled "Depositions Before Action or Pending Appeal." Rule 27(b), "Pending Appeal," provides a deposition procedure, but only by leave of the trial court, and only for the purpose of perpetuating "testimony for use in the event of further proceedings...." Subpoenas for deposition pending appeal are allowable only upon motion and a showing of, *inter alia*, "the substance of the testimony which [the movant] expects to elicit from each," of the witnesses and "the reasons for perpetuating their testimony." Fed.R.Civ.P. 27(b). Unlike the more or less automatic issuance of discovery deposition subpoenas pending trial, this rule requires a real showing of the need for the preservation of the evidence and a finding by the District Court that "the perpetuation of testimony pending appeal ... is 'proper to avoid a failure or delay of justice.'" *Lombards, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir.1985) (quoting Fed.R. Civ.P. 27).

Appellants have made no such motion, alleged no such need, offered no such showing, and obviously there has been no occasion for the District Court to make any such finding or enter such order. The procedural propriety of the discovery subpoe-

---

**1.** That statute in its entirety reads as follows:

When a commission is issued or notice given to take the testimony of a witness found within the District of Columbia, to be used in an action pending in a court of a State, territory, commonwealth, possession, or place under the jurisdiction of the United States, the testimony may be taken by leave of a judge of the United States District Court in like manner and with like effect as other depositions are taken in United States district courts, or by leave of a judge of the Superior Court of the District of Columbia in the manner prescribed by the rules of that court.

nas before the District Court was evident at the time of the proceedings under review. At that point, the District Court was properly confronted with the constitutional question. We are not. The availability of discovery subpoenas of the Senator and his aides is now moot. There is no pending trial in which such discovery can be used. Granted, the question was not a moot one when the District Court confronted it. But, we must view the question of mootness as of the time the case is before this Court, not the District Court.

> Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing.

*Burke v. Barnes,* 479 U.S. 361, 363, 107 S.Ct. 734, 736, 93 L.Ed.2d 732 (1987). The constitutional validity of subpoenas now procedurally void presents no live case or controversy.

If El Paso still wishes to pursue the information in the hands of the Senator and his aides, then the only route available in the District Court is by compliance with Rule 27, and it is available only if the threshold requirements of that rule are met. We have no way of knowing whether El Paso even purports to be able to make such a showing or what the District Court's decision would be if they do. In short, that question simply is not before us.

■ The customary disposition of a case that has become moot on appeal requires that the judgment under review be vacated. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). "This disposition strip[s] the decision below of its binding effect." *Deakins v. Monaghan,* 484 U.S. 193, 200, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988). Additionally, in an action commenced by the filing of a complaint, we would normally remand the case with direction to dismiss the complaint as moot. *Munsingwear,* 340 U.S. at 39, 71 S.Ct. at 106. In the proceedings before the district judge in the present case, there was of course no complaint but only the subpoenas. Therefore, while we affirm the quashal of the subpoenas, we do so on grounds of mootness while directing that the decision be vacated insofar as it determines the constitutional question.

In reaching this conclusion, we are instructed by the oft-repeated adage that a "most fundamental principle of constitutional adjudication is not to face constitutional questions but to avoid them, if at all possible." *United States v. Lovett,* 328 U.S. 303, 320, 66 S.Ct. 1073, 1081, 90 L.Ed. 1252 (1946) (Frankfurter, J., concurring). In the present case, we would further note, while not necessary to our decision, that El Paso has contributed to the occurrence of mootness on appeal. Though the United States District Court granted the Motion for Protective Order on September 15, El Paso did not note its appeal until October 27. Even then, though Judge Saucedo denied El Paso's recusal motion on October 28, and did not dismiss the underlying action until March 2, 1989, El Paso never, either between September 15 and October 28 or between October 28 and March 2 of 1989, moved for expeditious consideration. While we do not normally favor such motions, Rule 7(h)(2) of the Rules of this Court provides for such a request by way of "Emergency Motion," and one might well have been filed in this case assigning as grounds the status of the underlying New Mexico action. We will not, of course, express in the abstract what our ruling would have been had such motion been filed, but the failure to pursue that possibility certainly blunts any complaint of injustice El Paso might have with our present ruling.

### III. CONCLUSION

For the reasons set forth above, we determine that the issues giving rise to this appeal are now moot. We therefore affirm the quashal of the subpoenas, but remand this proceeding to the District Court for vacation of its decision insofar as it determined the constitutional question.