904 F.2d 78
 284 U.S.App.D.C. 258
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Harry Phillip AMSTER, et al.
v.
Charles Emmet LUCEY, et al. Robert L. Clarke, Comptroller of
the Currency and Office of the Comptroller of the
Currency, Appellants.
 No. 89-7054.
 United States Court of Appeals, District of Columbia Circuit.
 June 11, 1990.
 
 Before HARRY T. EDWARDS, BUCKLEY and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the order compelling production and awarding attorney fees, entered by the District Court on February 3, 1989, be vacated in part and reversed in part for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellants Comptroller of the Currency and the Office of the Comptroller of the Currency (collectively "OCC") appeal from a District Court order compelling the OCC to produce certain intra-agency records and awarding appellees Charles Lucey and McDermott, Will & Emery (collectively "McDermott") attorney fees incurred in prosecuting their motion to compel. We vacate the order in part, and reverse in part.
 
 
 5
 It has come to our attention that the underlying state law suit for which McDermott sought the OCC records has settled. Consequently, McDermott's motion to compel is now moot. See In the Matter of the Applications of the City of El Paso, 887 F.2d 1103, 1106 (D.C.Cir.1989). We therefore grant OCC's motion to vacate that portion of the District Court order directing the OCC to disclose the subpoenaed records. See United States v. Munsingwear, 340 U.S. 36, 39 (1950).
 
 
 6
 The issue of McDermott's right to fees, however, remains. So long as the District Court had jurisdiction over McDermott's motion to compel when that motion was filed, the award of attorney fees survives the mootness of the underlying controversy. See Grano v. Barry, 733 F.2d 164, 168 n. 2 (D.C.Cir.1989). Whether the District Court did have jurisdiction is unclear. Section 14-103 of the D.C.Code furnishes a state court litigant with a cause of action for third party discovery against any witness who can be found in the District, and it vests subject matter jurisdiction over that cause of action in the District Court. But section 14-103 does not expressly authorize third-party discovery against the United States, and the applicability of 5 U.S.C. Sec. 702 to an action of this type is uncertain.
 
 
 7
 However, we need not resolve this question in this case because we find that the District Court clearly erred in finding OCC liable for McDermott's fees. See Secretary of the Navy v. Avrech, 418 U.S. 676, 677-78 (1974); United States v. Augenblick, 393 U.S. 348, 351-52 (1969). Without question, OCC's "opposition to the motion [to compel] was substantially justified." Fed.R.Civ.P. 37(a)(4). In assessing a claim that intra-agency materials are protected by the common law "deliberative process" privilege, the court must "weigh[ ] the detrimental effects of disclosure against the necessity for production shown" by the party seeking disclosure. Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 327 (D.D.C.1966), aff'd, 384 F.2d 979 (D.C.Cir.), cert. denied, 389 U.S. 952 (1967). The balance was extremely close in this case. Consequently, we find that the District Court abused its discretion in holding OCC liable for McDermott's fees. The fee ruling is therefore reversed.