**LOPEZ CONTRACTORS, INC. and Pedro Lopez, Appellants,**

v.

**F&M BANK ALLEGIANCE, et al., Appellees.**

No. 03–5071.

United States Court of Appeals, District of Columbia Circuit.

Feb. 18, 2004.

Mayda Colon Tsaknis, Tsaknis & Associates, Rockville, MD, for Plaintiffs–Appellants.

Gina Marie Smith, Meyers, Rodbell & Rosenbaum, Riverdale, MD, Alison Elizabeth Goldenberg, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, MD, R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, Ana Felisa Matheson, Assistant U.S. Attorney, Gail A. Perry, Uldric L. Fiore, Jr., Washington, DC, for Defendants–Appellees.

Before EDWARDS, GARLAND, and ROBERTS, Circuit Judges.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's quashal of the subpoenas be affirmed on grounds of mootness, and the decision below—insofar as it reached the merits of the federal appellees' defense—be vacated as moot, and the case remanded to the district court so that it may be dismissed as moot. Appellants filed suit against F&M Bank in Maryland state court. During discovery in the state court action, appellants obtained subpoenas from the Superior Court for the District of Columbia ordering an employee of the U.S. Department of Education to appear for a deposition. When the Department failed to produce the employee, appellants initiated contempt proceedings in D.C. Superior Court against the subpoenaed employee and the representative from the Department's General Counsel's Office who had advised the employee not to appear. As it had asserted federal defenses to the subpoenas, the Department removed the action to the U.S. District Court for the District of Columbia. *See* 28 U.S.C.

§ 1442(a); *Brown & Williamson Tobacco Corp. v. Williams,* 62 F.3d 408, 412–415 (D.C.Cir.1995) (subpoena enforcement proceeding is a removable "civil action"). Once in district court, the Department filed its opposition to the contempt motion and moved to quash the subpoenas. The district court granted the government's motion to quash and dismissed the contempt case with prejudice, citing *Houston Business Journal v. Office of the Comptroller of the Currency,* 86 F.3d 1208, 1212 & n. 4 (D.C.Cir.1996) (subpoena enforcement power of federal courts is not available to state court litigant seeking to enforce a state court subpoena against a nonparty federal employee). Appellants timely noticed an appeal from the district court's decision. While this appeal was pending, however, the Maryland state court entered judgment against the appellants in the underlying state court action. *See Lopez Contractors, Inc. v. F&M Bank—Allegiance, Inc.,* No. 220206, Circuit Court for Montgomery County, Maryland. Appellants also timely noticed an appeal from the decision of the state court.

As the underlying action has been decided against the appellants, this collateral discovery dispute is now moot. *See City of El Paso v. S.E. Reynolds,* 887 F.2d 1103, 1105–06 (D.C.Cir.1989) (finding moot a dispute over subpoenas in support of a litigant's motion to recuse of the presiding state judge after state court had ruled against litigant in the underlying action). That appellants have appealed the adverse state court ruling does not suffice to keep this collateral proceeding alive as "there is no longer a trial proceeding in aid of which a subpoena for a discovery deposition may issue." *Id.* at 1105. Depositions under federal subpoena can occasionally be obtained pending appeal, but only through compliance with Fed.R.Civ.P. 27(b), which requires "a real showing of the need for the preservation of the evidence and a

finding by the District Court that the perpetuation of testimony pending appeal . . . is proper to avoid a failure or delay of justice." *City of El Paso,* 887 F.2d at 1105 (internal quotation marks omitted). There has been no suggestion in this case that such a showing could be made.

Under *City of El Paso,* 887 F.2d at 1106, our conclusion that this discovery dispute is moot causes us to affirm the quashal of the subpoenas on grounds of mootness. We also vacate the decision below insofar as it reached the merits of the Department's federal defense and remand the case to the district court with instructions that it be dismissed as moot. *See id.*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).