JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). It is
*284 ORDERED and ADJUDGED that the district court’s order quashing the subpoena be affirmed on the ground of mootness, and the case remanded to the district court for vacatur of its decision on the merits of the privilege claims.
Apollo Group, Inc., parent company to the University of Phoenix, appeals from a decision of the United States District Court for the District of Columbia denying its motion to compel production of documents related to a securities litigation in the District of Arizona. Having created the subpoenaed documents as part of a regulatory investigation of the University, the Department of Education currently holds the papers and opposes production on the grounds that they are protected by either the work product or the deliberative process privilege. The district court accepted both theories, denied the motion to compel, and granted a cross-motion to quash. 251 F.R.D. 12, 15 (D.D.C.2008). Apollo appealed, but in the interim, the underlying securities litigation terminated in Apollo’s favor and now is pending before the United States Court of Appeals for the Ninth Circuit. We ordered supplemental briefing to address whether this appeal must therefore be vacated as moot pursuant to Lopez Contractors, Inc. v. F & M Bank Allegiance, 90 Fed.Appx. 549, 550 (D.C.Cir.2004) and City of El Paso v. S.E. Reynolds, 887 F.2d 1103, 1105-06 (D.C.Cir.1989), or whether it might be held in abeyance. We now affirm quashal of the subpoena on grounds of mootness and remand to the district court for vacatur of its merits decision as moot.
The rule here is simple: a Rule 45 subpoena such as this one issues in aid of a trial proceeding, see Fed.R.CivP. 45(a)(l)(A)(ii) (requiring that a subpoena state the civil action number and the court in which it is pending), and so the termination of that trial proceeding voids the subpoena and moots any ongoing litigation regarding it. See City of El Paso, 887 F.2d at 1105-06. This is so even where, as here, the underlying case is now pending on appeal. Id. at 1104; see also Lopez Contractors, 90 Fed.Appx. 549 at 550 (“That appellants have appealed the adverse state court ruling does not suffice to keep this collateral proceeding alive....”). We thus disagree with Apollo’s argument that the pending appeal preserves a live controversy over this subpoena because that appeal might result in a new trial. We have never indicated that there is an exception to this rule for pending appeals that might result in further trial court litigation, and we are unwilling to engage in case-by-case speculation about what other courts might do. Nor is it relevant, as Apollo argues, that the subpoenas in those cases sought testimony rather than documents — this subpoena, like those subpoenas, issued under Rule 45, and so, like those subpoenas, it derives whatever force it has from being sought in aid of trial.
Apollo also submits that the case is not moot because it falls within the exception for matters “capable of repetition, yet evading review.” See generally S. Pac. Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Indeed, Apollo claims that the matter is already repeating, as Apollo is seeking the same documents by subpoena in another litigation as well. Even if two separate lawsuits could suffice for “repetition” of the same harm within the meaning of this doctrine, the record does not support the conclusion that the issue is at all likely to evade review. Apollo originally sought these documents through the Freedom of Information Act, 5 U.S.C. § 552, and it can still obtain judicial review through that mechanism. § 552(a)(4)(B). Moreover, the record reflects that Apollo declined to inform the district court of the progress in the *285 underlying securities litigation, 251 F.R.D. at 17-18, and never availed itself of the various tools — such as stays or motions for expedition — through which parallel litigation can be coordinated.
Finally, Apollo’s fear that it will be subject to collateral legal consequences from the district court’s decision is unfounded. When an issue becomes moot before an appeal can be heard, we must vacate the decision under review precisely to avoid collateral effects from rulings never subjected to an appeal of last resort. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40, 71 S.Ct. 104, 95 L.Ed. 36 (1950). “That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.” Id. at 40, 71 S.Ct. 104. Thus, though we recognize and appreciate the considerable effort invested by the district court, our “duty” is nonetheless to require vacatur of its merits determination. Id. at 39-40, 71 S.Ct. 104.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41.