# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued September 20, 2022     Decided December 20, 2022

No. 21-5215

UNITED STATES OF AMERICA,
APPELLEE

v.

CHINA TELECOM (AMERICAS) CORPORATION,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-mc-00116)

*Raechel K. Kummer* argued the cause for appellant. On the briefs were *Andrew D. Lipman* and *Russell M. Blau. Clara Kollm* entered an appearance.

*Casen Ross*, Attorney, U.S. Department of Justice, argued the cause for appellee. On the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, and *Sharon Swingle* and *Dennis Fan,* Attorneys.

Before: HENDERSON and KATSAS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: In a license revocation proceeding before the Federal Communications Commission (FCC), the United States sought to admit classified evidence relating to electronic surveillance it had conducted against China Telecom (Americas) Corporation (China Telecom). Pursuant to the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. §§ 1801 *et seq.*, the government filed this petition for a determination that the electronic surveillance was lawful and that fruits of the surveillance were admissible in the underlying FCC proceedings. *See id.* § 1806(f). After the district court granted the government's petition, the FCC revoked China Telecom's license in the underlying action and we then denied China Telecom's petition for review of the FCC order without relying on or otherwise considering the classified evidence. *See China Telecom (Ams.) Corp. v. FCC*, No. 21-1233 (D.C. Cir. Dec. 20, 2022). Because the government's petition no longer presents a live controversy, China Telecom's appeal from the district court order is moot. Accordingly, we vacate the district court order granting the government's petition and remand to the district court with instructions to dismiss the case.

**I.**

We begin with a brief history of the proceedings to determine the lawfulness of the government's electronic surveillance of China Telecom and the admissibility of related classified evidence in the underlying FCC proceedings. Because our opinion in *China Telecom (Americas) Corp. v. FCC* ably sets forth the history of the FCC proceedings in which the government intended to use the classified information at issue, we need not recount it at length here. *See* No. 21-1233, Slip Op. at 8–10 (D.C. Cir. Dec. 20, 2022).

The government's petition arises from FCC proceedings to revoke China Telecom's common-carrier license under section 214 of the Communications Act of 1934, Pub. L. No. 73-416, § 214, 48 Stat. 1064, 1071–72 (codified as amended at 47 U.S.C. § 214). *See China Telecom*, No. 21-1233, Slip Op. at 8–10 (describing underlying FCC revocation proceedings). In 2020, several federal agencies, including the Department of Justice (DOJ), jointly recommended that the FCC revoke China Telecom's common-carrier license. To support their recommendation, the agencies provided the FCC with an exhibit containing classified evidence derived from their electronic surveillance of China Telecom under FISA, which statute permits the Executive Branch to conduct electronic surveillance to obtain foreign intelligence information. *See* 50 U.S.C. §§ 1801 *et seq*.

As required by FISA, the DOJ notified China Telecom that it intended to "enter into evidence or otherwise use or disclose" classified information in the then-pending FCC proceedings. 50 U.S.C. § 1806(c). In response, China Telecom moved for disclosure of all FISA-related information in the FCC's possession, both to protect China Telecom's asserted due process rights and to determine whether there were grounds to seek suppression of the classified information. The information sought included materials submitted by the government to obtain initial authorization to conduct the electronic surveillance as well as evidence uncovered during the surveillance.

FISA empowers the federal district court to adjudicate "issues regarding the legality of FISA-authorized surveillance," *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 470 (D.C. Cir. 1991), including those that arise in administrative proceedings, *see id.* at 462. The relevant FISA provision, 50 U.S.C. § 1806, attempts to balance the nation's

interest in national security with the rights of an "aggrieved person" against whom the government intends to use classified information. *See United States v. Belfield*, 692 F.2d 141, 148 (D.C. Cir. 1982). When the government notifies the court of its intent to use information derived from electronic surveillance or when an aggrieved person moves "to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance" before an agency adjudicator like the FCC, "the United States district court in the same district as the [agency] shall" consider the lawfulness of the surveillance and determine whether suppression or disclosure is appropriate. 50 U.S.C. § 1806(c), (f). The court reviews the classified surveillance materials *in camera* and *ex parte* "if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States." *Id.* § 1806(f).

Because China Telecom opposed the admission in FCC proceedings of classified materials derived from the government's FISA surveillance, the government invoked section 1806(f) and petitioned the district court for a determination that the FISA surveillance was lawfully authorized and conducted. The government included with its petition the Attorney General's declaration that disclosure of the surveillance materials would harm national security, thus allowing the district court to review the petition *ex parte* and *in camera* pursuant to section 1806(f).

During its *ex parte* and *in camera* review, the district court orders disclosure of classified information in two circumstances. First, the court "may" order disclosure of classified information to the aggrieved person "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance." 50 U.S.C. § 1806(f). Second, on determining that the FISA surveillance "was

lawfully authorized and conducted," the court "shall" order disclosure of classified evidence "to the extent that due process requires discovery or disclosure." *Id.* § 1806(g). After the government provided notice of its intent to use FISA evidence under section 1806(c) and initiated the district court's review under section 1806(f), China Telecom requested disclosure on both grounds: first, it argued that disclosure was necessary to assist the court in determining the lawfulness of the government's surveillance, *see id.* § 1806(f); and second, it argued that due process required disclosure, *see id.* § 1806(g).

In the order challenged here, the district court granted the government's petition and denied China Telecom's request for disclosure. *See United States v. China Telecom (Ams.) Corp.*, No. 20-mc-116, 2021 WL 4707612, at *3 (D.D.C. Sept. 2, 2021). China Telecom filed a timely notice of appeal.

Following the district court's order, the parties returned to the FCC revocation proceeding and the FCC subsequently issued a unanimous order revoking and terminating China Telecom's section 214 common-carrier license. *See China Telecom (Ams.) Corp.*, FCC 21-114, 36 FCC Rcd. ---, 2021 WL 5161884, at *1 (Nov. 2, 2021). Although the FCC considered classified evidence derived from the FISA surveillance, it expressly stated that the classified evidence was "not necessary" to support its decision to revoke and terminate China Telecom's license. *Id.* China Telecom then petitioned for review of the FCC's revocation order. *China Telecom*, No. 21-1233, Slip Op. at 3. We upheld the FCC's decision to revoke China Telecom's license based on the unclassified evidence alone. *See id.* at 10.

## II.

The district court had subject matter jurisdiction pursuant to 50 U.S.C. § 1806(f), which gives the federal district court

exclusive jurisdiction to adjudicate the admissibility and disclosure of classified materials derived from the FISA surveillance of an "aggrieved person." China Telecom tries to invoke our appellate jurisdiction through a timely notice of appeal from the district court's order granting the government's petition and denying China Telecom's request for disclosure. Our jurisdiction, however, is not clear in light of our companion decision denying China Telecom's petition for review of the FCC's order. *See China Telecom (Ams.) Corp. v. FCC*, No. 21-1233, Slip Op. at 25 (D.C. Cir. Dec. 20, 2022). There, we upheld the FCC's revocation order on the merits based on the unclassified record alone, without considering or otherwise relying upon the classified materials of which China Telecom now seeks disclosure. *See id.* at 3.

"Article III, Section 2 of the Constitution permits federal courts to adjudicate only actual, ongoing controversies." *J.T. v. District of Columbia*, 983 F.3d 516, 522 (D.C. Cir. 2020) (quoting *McBryde v. Comm'n to Review Cir. Council Conduct*, 264 F.3d 52, 55 (D.C. Cir. 2001)); *see also Chafin v. Chafin*, 568 U.S. 165, 171–72 (2013). The Constitution therefore prohibits us from deciding a case if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Sec'y of Lab., Mine Safety & Health Admin. v. M-Class Mining, LLC*, 1 F.4th 16, 21–22 (D.C. Cir. 2021) (quoting *J.T.*, 983 F.3d at 522); *see also Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307–08 (2012). "The case must remain live 'at all stages of review,'" including on appeal, and "'not merely at the time the complaint is filed.'" *United Bhd. of Carpenters & Joiners of Am. v. Operative Plasterers' & Cement Masons' Int'l Ass'n of the U.S. & Can.*, 721 F.3d 678, 687 (D.C. Cir. 2013) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)). Accordingly, we must dismiss the case "if an event occurs while a case is

pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Because this Court upheld the FCC's underlying revocation decision without relying on or otherwise considering the classified evidence, China Telecom's request for disclosure of the classified evidence is now moot. *See City of El Paso v. Reynolds*, 887 F.2d 1103, 1105–06 (D.C. Cir. 1989) (per curiam) (appeal from order denying discovery became moot when underlying case for which discovery was sought was decided on merits); *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir. 1999) (pending discovery dispute mooted by disposition of underlying cause of action). The government petitioned the district court to use classified materials specifically in support of the FCC's revocation decision; this Court ultimately decided the merits without considering these materials. If the government wishes to use such materials in another proceeding against China Telecom, the government must again petition a "United States district court" for a determination that the FISA surveillance of China Telecom "was lawfully authorized and conducted," *see* 50 U.S.C. § 1806(f), at which point the court will adjudicate whether principles of due process require disclosure, *see id.* § 1806(g). Because "there is 'no pending [administrative proceeding] in which [the requested materials] can be used,'" *Convertino v. U.S. Dep't of Just.*, 684 F.3d 93, 101 (D.C. Cir. 2012) (quoting *City of El Paso*, 887 F.2d at 1106), the district court's order denying disclosure "no longer poses a risk of continuing legal consequences," *M-Class Mining*, 1 F.4th at 22.

Similarly, China Telecom has no right to challenge the surveillance materials apart from their use in the FCC revocation proceeding, which terminated on appeal without

regard to the classified evidence of which China Telecom seeks disclosure. Here, the district court's review of the surveillance materials was triggered by the government's notice of its intent to use the surveillance in a "trial, hearing, or other proceeding in or before [a] court, department, officer, agency, regulatory body, or other authority of the United States." 50 U.S.C. § 1806(c). In response, China Telecom principally requests disclosure pursuant to section 1806(g), asserting a due process right to discover the classified materials so that it may defend itself in the underlying FCC proceeding. *See id.* § 1806(g) (requiring disclosure of classified surveillance material at issue in administrative proceedings "to the extent that due process requires discovery or disclosure"). But this Court's denial of China Telecom's petition for review based solely on the unclassified record deprived China Telecom of a "personal stake" in the disclosure of the classified materials. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). Any order requiring the government to disclose classified evidence at issue in an FCC revocation proceeding would be wholly ineffectual because the proceedings in which the parties sought to use that evidence have ended. *See Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) (federal courts have no power to "decide questions that cannot affect the rights of litigants in the case before them" (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))).

When a case becomes moot on appeal, "[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *Humane Soc'y of U.S. v. Kempthorne*, 527 F.3d 181, 184 (D.C. Cir. 2008) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997) (alteration in original)); *see also Clarke v. United States*, 915 F.2d 699, 706 (D.C. Cir. 1990) (en banc) (citing *United States v. Munsingwear*, 340 U.S. 36, 39 & n.2

(1950)). "Vacatur is in order when," as now, "mootness occurs through happenstance—circumstances not attributable to the parties." *Humane Soc'y*, 527 F.3d at 187 (quoting *Arizonans*, 520 U.S. at 71). This remedy "clears the path for future relitigation by eliminating a judgment the loser was stopped from opposing on direct review." *Id.* at 185 (quoting *Arizonans*, 520 U.S. at 71).

Accordingly, in light of our companion decision in *China Telecom (Americas) Corp. v. FCC*, No. 21-1233, we vacate the district court order granting the government's petition. We remand to the district court with instructions to dismiss the case as moot.

*So ordered.*